UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANNETTE SCHERMAN,

                              Plaintiff,

v.                                                Civil Action No. _____

---

COMMONWEALTH FINANCIAL SYSTEMS, INC.,

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Annette Scherman, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Commonwealth Financial Systems, Inc., (hereinafter "CFS") is a Foreign Business Corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt for a 2013 emergency room hospital bill. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. In or about October 2019, Plaintiff's credit report contained a tradeline from Defendant for the alleged subject debt.

13. In or about October 11, 2019, Plaintiff called the Defendant and spoke to a representative named Justin and disputed the alleged subject debt. Plaintiff informed the Defendant that she did not owe the alleged subject debt as her it was covered by her health insurance.

14. During the Plaintiff's conversation with Defendant, Defendant told Plaintiff that he would take care of correcting the account and mark the subject debt disputed and have it removed.

15. That despite informing the Plaintiff that they would remove the tradeline on her credit report relative the to the alleged subject debt, the Defendant continued to report it on Plaintiff's credit report.

16. That when furnishing the tradeline information relative to the alleged subject debt to the credit bureaus, the Defendant failed to indicate that the Plaintiff disputed the account.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

A. Defendant violated 15 U.S.C §1692e, 15 U.S.C §1692e(2), 15 U.S.C §1692e(5), 15 U.S.C §1692e(8) and 15 U.S.C §1692e(10) by reporting inaccurate tradelines as Plaintiff does not owe the alleged subject debt and by failing to note that the Plaintiff disputed the account.

B. Defendant violated 15 U.S.C §1692e, Defendant violated 15 U.S.C §1692e(2), Defendant violated 15 U.S.C §1692e(8) and Defendant violated 15 U.S.C §1692f by failing to remove the tradeline from her credit report when previously stating that they would.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 16, 2020

Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com